UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-420-H

NORTHWEST VENTURES INC.                                                                      PLAINTIFF

V.

PUREWAL ENTERPRISES PVT. LTD.                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This dispute concerns a contract between Northwest Ventures Inc. ("Northwest") and Purewal Enterprises PVT. LTD. ("Purewal") for the sale of seven Papa John's stores in Washington State. Defendant, Purewal, has moved to dismiss the complaint for lack of subject matter and personal jurisdiction or, in the alternative, to transfer based upon improper venue.

I.

The known relevant facts appear to be as follows: Northwest is a Kentucky corporation whose officers and owners are Kentucky residents. Purewal is a Washington corporation with its principal place of business in Washington. Prior to July 15, 2006, Northwest owned seven Papa John's stores in the state of Washington. Between December, 2005, and March, 2006, Northwest negotiated the sale of those stores to Purewal. Thereafter, the parties disagreed about certain aspects of their deal. Each side claimed that the other had breached. As a consequence, in an attempt to mitigate its damages, Northwest negotiated a separate contract, selling all of its Washington stores to another buyer effective July 15, 2006.

On July 24, 2006, Purewal served an unfiled complaint upon Northwest, suggesting that the complaint would be filed in Washington state court. When Northwest realized that Purewal had never actually filed the complaint in Washington state court, it filed this complaint in federal court. Part of the procedural fencing concerns the better or more convenient place to litigate these disputes. At this point, however, the Court must resolve the jurisdiction and venue questions without considering the timing of the complaints.

II.

For purposes of determining diversity jurisdiction "a corporation shall deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). As a general rule, subject matter jurisdiction is determined at the time of the filing of a lawsuit. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).

The only factual issue which would prevent diversity jurisdiction would be a determination that Northwest in fact has its principal place of business in Washington State rather than Kentucky. This does not appear to be the case. Northwest was incorporated in the State of Kentucky by Kentucky residents. The purpose of its incorporation was apparently to own and operate Papa John's restaurants located in the State of Washington. Although its assets remained in the State of Washington, apparently Northwest corporate offices and owners remained in Kentucky. Furthermore, on July 15, 2006, Northwest sold all of its Washington's assets. After that date it can be confidently said that all of Northwest corporate activities and its officers centered upon the State of Kentucky.

For purposes of determining diversity jurisdiction at the time of the filing of this lawsuit,

this Court concludes that Northwest was incorporated in the State of Kentucky and was conducting all of its principal business operations in the State of Kentucky. Consequently, the Court can assert subject matter diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

III.

Purewal also argues that venue is improper in the Western District of Kentucky and that this case should either be dismissed or transferred to the Western District of Washington. 28 U.S.C. § 1391(a) provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
> (1) a judicial district where any defendant resides, if all defendants reside in the same state,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

This claim concerns the negotiation of a contract and the alleged breach of it. Although the subject matter of the contract, that is the seven Papa John's stores, resided in the State of Washington, the subject of our dispute was more broadly based. As far as the Court knows, the discussions about the contract took place in the states of Washington and Kentucky. All kinds of communications may have been involved in the ultimate negotiation of that contract. Thus, from what the Court knows at this time, it can be said that a substantial part of the events or omissions giving rise to the claim occurred in both Kentucky and Washington. Therefore, at this time the Court concludes that venue is proper in the United States District Court for the Western District of Kentucky.

IV.

Purewal's initial motion states that the matter should be dismissed also due to the absence of personal jurisdiction.  In its initial memorandum, Purewal does not argue the personal jurisdiction question directly, but rather argues that one of the reasons that venue is improper under § 1391(a) (3) is because this Court cannot exercise personal jurisdiction over Purewal within the Western District of Kentucky.  In its memorandum, Northwest claims that Purewal has waived the defense of personal jurisdiction.

Purewal seems to suggest that if it were subject to suit within the State of Kentucky that is paramount to it being a citizen of the State of Kentucky, which would destroy diversity.  This is not so.  Having sufficient contacts within a state in order to justify personal jurisdiction under the Kentucky long-arm statute, KRS 454.210, *et seq.*, is quite a different analysis than determining whether or not one is a citizen of that state for purposes of jurisdiction under 28 U.S.C. § 1332.  Here, it is quite clear that Northwest is not a citizen of the State of Kentucky which would have had the effect of destroying diversity jurisdiction.

At this time the Court does not have sufficient evidence to determine whether or not Defendant has properly raised this defense or whether this Court may actually assert personal jurisdiction over Purewal.  Either party may file the appropriate motions to resolve this matter.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of Defendant, Purewal Enterprises, to dismiss due to the absence of subject matter jurisdiction and on the basis of improper venue is DENIED.  The Court makes no ruling on any issue regarding its personal jurisdiction over Purewal Enterprises.

cc: Counsel of Record